UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Kenneth Brian Young,**

      **Plaintiff,**

v.

**Minnesota Department of Corrections at**
**Rush City, Sergeants Selk and Van Coolidge,**
**Officer Cheryl Wendorff, Warden Robert Feneis,**
**Associate Wardens Jim Zawacki and Joseph Cosgrove,**
**and Fredrick Bernard Tyus, Richard Joseph**
**Martin, and Edward Wayne Whitefeather,**

      **Defendants.**

Civil No. 05-454 (RHK/SRN)

REPORT AND
RECOMMENDATION

---

Gregory S. Bachmeier and Phillip F. Fishman on behalf of Plaintiff

Richard L. Varco, Jr. on behalf of Defendants MCF-RC, Selk, and Van Coolidge, Officer Cheryl Wendorff, Warden Robert Feneis, and Associate Wardens Jim Zawacki and Joseph Cosgrove

Richard Joseph Martin, pro se

Edward Wayne Whitefeather, pro se

Frederick Bernard Tyus, no appearance

---

SUSAN RICHARD NELSON, United States Magistrate Judge

      The above-entitled matter comes before this Court on Defendant Richard Joseph Martin's Motion to Dismiss (Doc. No. 2), Defendant Martin's Motion to File Request for Hearing on Motion to Dismiss (Doc. No. 6), and Defendant Edward Wayne Whitefeather's Motion to Dismiss (Doc. No. 11). These motions have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that both Defendant

Martin's and Defendant Whitefeather's motions to dismiss (Doc. Nos. 6 and 11) be granted as to Plaintiff's §1983 claims, but denied as to Plaintiff's assault and battery claims. In addition, this Court recommends that Defendant Martin's motion to request a hearing on his motion to dismiss (Doc. No. 6) be denied as moot.

**I.     FACTS**

At all times relevant to the Complaint, Plaintiff Kenneth Brian Young ("Plaintiff Young") was incarcerated at the Rush City Correctional Facility in Chisago County, Minnesota ("MCF-RC"). (Complaint, ¶ 1 (Doc. No. 1)). Defendants in Plaintiff's Complaint include: the Minnesota Department of Corrections at Rush City; Sergeants Selk and Coolidge, officers of the Minnesota Department of Corrections; Officer Cheryl Wendorff, officer of the Minnesota Department of Corrections; Warden Robert Feneis; Associate Warden Jim Zawacki; Associate Warden Joseph Cosgrove; Fredrick Bernard Tyus, an inmate at MCF-RC at all times relevant to the Complaint; Richard Joseph Martin, an inmate at MCF-RC at all times relevant to the Complaint; and Edward Wayne Whitefeather, an inmate at MCF-RC at all times relevant to the Complaint. Plaintiff Young alleges that he was the victim of an assault and battery by Defendants Tyus, Martin, Whitefeather, and Officer Wendorff, while incarcerated at MCF-RC. Based on that alleged assault, Plaintiff has brought a § 1983 action alleging that the Defendants deliberately disregarded his right to be free from violent attacks by fellow inmates and failed to protect him in violation of the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff also alleges that the Defendants failed to properly train, supervise and discipline the guards at MCF-RC, and as a result of that negligence and other unconstitutional policies at MCF-RC, Plaintiff was injured. Plaintiff has also brought causes of action for assault and battery.

Plaintiff's Complaint alleges that on August 11, 2004, while an inmate at MCF-RC, he was attacked by fellow inmate Edward Whitefeather who received assistance from two other inmates, Frederick Tyus and Richard Martin, in carrying out the attack. (Complaint, ¶¶ 17-18). According to Plaintiff, Defendant Whitefeather heated a liquid concoction of honey, hair gel, tea, and water in a MCF-RC microwave that he then poured on Plaintiff's face, neck, and chest. (Id.). After pouring the liquid on Plaintiff, Defendant Whitefeather then repeatedly hit Plaintiff with a rock that had been placed in a sock. (Id.). Plaintiff also alleges that correctional Officer Wendorff exacerbated his injuries by spraying mace on Plaintiff after the inmate attack. (Id., ¶ 19). Plaintiff claims he suffered serious physical injuries, severe emotional and psychological damage, and significant medical expenses as a result of the attack. (Id., ¶¶ 20-22). On March 3, 2005, Plaintiff filed this suit which alleges that: (1) the inmate defendants and Officer Wendorff assaulted and battered him; (2) Sergeants Selk and Coolidge, "in deliberate disregard" of Plaintiff's "right to be free from violent attacks," failed to timely transfer Plaintiff Young despite his persistent requests; (3) Defendants Wendorff, Feneis, Zawacki, and Cosgrove's negligent and deliberate indifference to the danger presented by the microwave in the common area and the ease with which other inmates could bring in rocks from outdoors resulted in the attack on Plaintiff and constituted a violation of his constitutional rights to be free from attacks by fellow inmates; (4) the Department of Corrections, through its employees and guards, failed to properly train, supervise, and/or discipline the guards who violated Plaintiff's constitutional rights, and such failure constituted an unconstitutional policy, procedure, or practice of the Department of Corrections; and (5) Defendants breached their duty to take reasonable steps to hire, supervise, and train the MCF-RC guards. (Id., ¶¶ 23-47). Among other relief, Plaintiff seeks compensatory damages, costs, fees and expenses pursuant to 42 U.S.C. § 1983. (Id., ¶ 5).

Defendants Martin and Whitefeather did not answer the Complaint, but rather, they both filed motions to dismiss the Complaint. (Doc. Nos. 2 and 11). Defendant Martin also filed a motion for an order seeking a hearing on his motion to dismiss. (Doc. No. 6).[1,2]

Defendants Martin and Whitefeather each move for dismissal on the grounds that Plaintiff has failed to adequately allege a claim against them under § 1983. This Court recommends that both Defendants' motions to dismiss be granted in part and denied in part. This Court also recommends that Defendant Martin's motion to file a request for a hearing be denied as moot.

## II. STANDARD OF REVIEW

**Failure to state a claim**

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court is limited to considering the allegations of the complaint, must take those allegations as true, and must view the complaint in the light most favorable to the plaintiff. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ring v. First Interstate Mortg., Inc., 984 F.2d 924 (8th Cir. 1993). "The complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002). A court "may dismiss 'only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations.'" Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

---

[1] Defendants MCF-RC, Selk, and Van Coolidge filed their joint Answer to the Complaint on March 16, 2005. (Doc. No. 7).

[2] On September 29, 2005 a notice of Mail Returned as Undeliverable was filed as to Defendant Whitefeather. Defendant Whitefeather has been located and his current address is FCI-El Reno, P.O. Box 1500, El Reno, Oklahoma, 73036.

Only facts alleged in a complaint and material attached to the complaint, which form part of the pleadings, are properly considered on a motion to dismiss. See County of St. Charles, Mo. v. Mo. Family Health Council, 107 F.3d 682, 684 n.3 (8th Cir. 1997). However, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

**II.   DISCUSSION**

A plaintiff asserting a § 1983 claim must allege a violation of a constitutionally protected right, and show that the alleged deprivation was committed by a defendant acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id., at 49, quoting, United States v. Classic, 313 U.S. 299 (1941).

Both Defendant Martin and Defendant Whitefeather move to dismiss Plaintiff's Complaint as it relates to them on the grounds that it fails to adequately allege a claim against them under § 1983. (Doc. Nos. 2 and 11). Plaintiff's § 1983 claims, as plead, however, do not apply to Defendants Martin and Whitefeather. As private parties, Defendants Martin and Whitefeather do not qualify as defendants acting under state law and a § 1983 claim cannot stand against them.

Further, it does not appear that Plaintiff was attempting to bring a § 1983 claim against any of the inmate Defendants. Rather, it appears that Plaintiff's § 1983 claims were brought exclusively against the Minnesota Department of Corrections and its named employees, while Plaintiff's causes of action for assault and battery were brought against the inmate Defendants under Minnesota common law. The

assault and battery claims in the Complaint only reference the names and alleged actions of the inmate Defendants, including Defendants Martin and Whitefeather, and Officer Wendorff, whereas, Plaintiff's § 1983 claims reference the actions of the Minnesota Department of Correction and its employees.

While this Court believes that this is an accurate reading of the Complaint, to avoid any confusion on the part of the parties, and in light of the fact that Defendants Martin and Whitefeather are *pro se*, this Court clarifies that Plaintiff's § 1983 claims should be dismissed to the extent that they are asserted against Defendants Martin and Whitefeather. To the extent that Defendants' motions seek to dismiss Plaintiff's additional claims of assault and battery against them, the motion should be denied.

**THEREFORE, IT IS HEREBY RECOMMENDED that:**

1. Defendants' Motions to Dismiss (Docs. No. 2 and 11) be **GRANTED in part and DENIED in part** as follows:

    a. To the extent that Plaintiff's § 1983 claims are asserted against Defendants Martin and Whitefeather, the motions be **GRANTED**;

    b. To the extent that Defendants seek to dismiss Plaintiff's remaining claims for assault and battery, the motions be **DENIED**.

2. Defendant Martin's Motion to File Request for Hearing on Motion to Dismiss (Doc. No. 6) be **DENIED as moot**.


Dated:  January 31, 2006                                       s/Susan Richard Nelson
                                                               SUSAN RICHARD NELSON
                                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the

Clerk of Court and serving on all parties, on or before **February 14, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.